HoustoN, Special J.,
delivered the opinion of the court.
The question in this case arises upon the construction to he given to the sixth clause of the will of Mary H. Bowen, in connection with the codicil to the will. The clause is in these words: “ I will that all my estate, both real and personal, that may come to the hands of my executors for the use and benefit of my daughters, Levisa Saunders, Catharine Campbell, and Celia Stone, remain in the hands of my executors, in trust for my said daughters, during their natural lives, and to the heirs of their bodies forever.” The words of the codicil are as follows: “In pursuance of my last will and testament, it is my will and desire that my young negroes already devised by will, be divided as follows, to-wit: To my daughter Levisa Saunders, and the heirs of her body, negro girl Polly,” &c.
It is conceded in the argument, that if the 6th clause of. the will stood alone without the codicil, the case would be embraced by the principles laid down in the case of Suttle vs. Suttle, 10 Humph. 474, and that Levisa Saunders would only take a life estate in the property. But it is argued that the codicil revokes this clause, and gives *176 tbe slave to Levisa Saunders and tire heirs of her body, bringing the case within the rule in Shelly’s case, and giving to Levisa Saunders the absolute estate in the property. This is not the proper construction. We think the sixth clause of the will fixes and controls the right of Levisa Saunders, and the other legatees, to the property mentioned in the will; and that the codicil only designates what particular property each legatee should take under the restrictions and limitations of the will, and that Levisa Saunders took a life estate only in the property. We therefore reverse the decree of the chancellor, and order a decree in conformity with this opinion.